IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLYDE HOLT, #199 507, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-494-WKW |
| | ) | [WO] |
| CAPTAIN SMILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, filed the above-captioned case under 42 U.S.C. § 1983. He complains about matters which occurred while he was incarcerated at the Frank Lee Community Based Facility. The matter is presently before the court on Plaintiff's Motion for a Preliminary Injunction. Plaintiff seeks to enjoin Defendants from harassing him or having physical contact with him. Plaintiff also requests that Defendants remove false entries they placed in his prison file. *Doc. No. 1*.

Upon consideration of Plaintiff's motion for preliminary injunction, the court concludes that the request for a preliminary injunction is due to be denied as moot because Plaintiff is presently incarcerated at the Easterling Correctional Facility away from Defendants who work at the Frank Lee Community Based Facility.

## I. DISCUSSION

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'"). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.* Accordingly, the court finds that Plaintiff's request for a preliminary injunction is moot.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (*Doc. No. 1*) be DENIED as moot;

2. This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 26, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE